FILED
U.S. DISTRICT COURT
2009 AUG 11 PM 1:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-063 |
| | ) | |
| RANDY DESHAWN DUNCAN | ) | |

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Randy Deshawn Duncan. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

Although Defendant Duncan did not file a specific Motion for Discovery, the government states that it has provided "open file" discovery in this case. The government has provided and made available 201 pages of discovery materials and six (6) CD-ROM disks containing discovery materials. The discovery materials provided include the investigation reports of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the United States Attorney's Office (attorney and agent work product excepted). All known statements by Defendant have also been produced or made available to Defendant, as has his criminal record. The results of any scientific tests have been provided in the discovery materials, but if any further tests are conducted, the results will be provided upon their receipt. In any event, the Court finds that the position of the United States Attorney in permitting full

disclosure of the government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTIONS FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. <u>United States v. Massell</u>, 823 F.2d 1503, 1509 (11th Cir. 1987); <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983); <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This, in

2

essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**.[1] (Doc. no. 12).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. (Doc. no. 22, pp. 1-2). Beyond the government's continuing duty to disclose under Brady v.

---

[1] To the extent this motion also requests production of the information in this case, the government correctly notes (doc. no. 22, p. 3) that there is no information in this case because Defendant was indicted by the Grand Jury.

Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request for disclosure of prior crimes of witnesses is **DENIED**. (Doc. no. 15-2).

## MOTION FOR PRODUCTION OF WITNESS STATEMENTS

Defendant filed a motion requesting production of witness statements. (Doc. no. 13). As the government discloses that "[w]itness statements, if any, have been provided" to Defendant (doc. no. 22, p. 3), this motion is **MOOT**.

## MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS

In light of the government's liberal discovery policy and its disclosure that all known statements by Defendant have been produced (doc. no. 22, p. 2), this request is **MOOT**. (Doc. no. 14).

## MOTION FOR PRODUCTION OF DEFENDANT'S CRIMINAL HISTORY

In light of the government's liberal discovery policy and its disclosure that Defendant's criminal record has been made available to him in discovery (doc. no. 22, p. 2), this request is **MOOT**. (Doc. no. 15-1).

## MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS

Defendant moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on Defendant and witnesses. To the extent that Defendant is requesting information under Fed. R. Crim. P. 16(a)(1)(F) and (G), the government will be disclosing this information through "open file" discovery. To the extent that Defendant requests information beyond Rule 16(a)(1), the motion is **DENIED**. (Doc. no. 16-2).

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 17). To some extent, Defendant's requests exceed the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 23-1, 23-2).

SO ORDERED this 11th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5